NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WARNER CHILCOTT COMPANY, LLC,**
*Plaintiff-Appellee,*

**v.**

**LUPIN LTD., LUPIN PHARMACEUTICALS, INC.,
AMNEAL PHARMACEUTICALS OF NY, LLC, AND
AMNEAL PHARMACEUTICALS, LLC,**
*Defendants-Appellants.*

---

2014-1262, -1273

---

Appeals from the United States District Court for the District of New Jersey in Nos. 3:11-cv-05048-JAP-TJB and 3:12-cv-02928-JAP-TJB, Judge Joel A. Pisano.

---

Decided: October 22, 2014

---

GEORGE F. PAPPAS, Covington & Burling LLP, of Washington, DC, argued for plaintiff-appellee. With him on the brief were JEFFREY B. ELIKAN, BENJAMIN C. BLOCK, ERIC R. SONNENSCHEIN, and JEREMY D. COBB. Of counsel was MICHELLE L. MORIN, of Redwood Shores, California.

ROBERT F. GREEN, Leydig, Voit & Mayer, Ltd., of Chicago, Illinois, argued for defendants-appellants, Lupin

Ltd., et al. With him on the brief were CARYN C. BORG-BREEN, JESSICA M. TYRUS, and MARC R. WEZOWSKI, of Chicago, Illinois, and JAMAICA P. SZELIGA, of Washington, DC. On the brief for defendants-appellants Amneal Pharmaceuticals of New York, LLC, et al., was PAUL H. KOCHANSKI, Lerner, David, Littenberg, Krumholz & Mentlik, LLP, of Westfield, New Jersey.

———————————

Before LOURIE, PLAGER, and WALLACH, *Circuit Judges.*

LOURIE, *Circuit Judge.*

Lupin Ltd., Lupin Pharmaceuticals, Inc., Amneal Pharmaceuticals, LLC, and Amneal Pharmaceuticals of New York, LLC (collectively, the "Defendants") appeal from the decision of the United States District Court for the District of New Jersey, which held that claims 1–9 ("the asserted claims") of U.S. Patent 7,704,984 (the "'984 patent") were not invalid for obviousness under 35 U.S.C. § 103(a) (2006). *See Warner Chilcott Co. v. Lupin Ltd.*, No. 3:11-CV-05048, 2014 WL 202659 (D.N.J. Jan. 17, 2014).

Warner Chilcott Co., LLC ("Warner") owns the '984 patent, which is directed to a method of contraception and covers the administration of Warner's oral contraceptive drug product, Lo Loestrin® Fe ("Lo Loestrin"). The Defendants submitted Abbreviated New Drug Application filings to the U.S. Food and Drug Administration for approval to engage in the commercial manufacture, use, or sale of generic versions of Lo Loestrin. Warner then brought actions against the Defendants for infringement of the asserted claims under 35 U.S.C. § 271(e)(2)(A) and the actions were consolidated into the case now before us on appeal.

Before the district court, the Defendants stipulated to infringement of all of the asserted claims, but challenged the validity of those claims on the ground of obviousness.

*Warner Chilcott*, 2014 WL 202659, at *1–2. The district court held a bench trial from October 7, 2013 through October 17, 2013 on the issue of obviousness. *Id.* at *1. In a detailed opinion issued on January 17, 2014, the district court held that the Defendants failed to prove by clear and convincing evidence that the asserted claims of the '984 patent would have been obvious. *Id.* at *11, *23. The court then entered final judgment of infringement in favor of Warner. *See Warner Chilcott Co. v. Lupin Ltd.*, No. 3:11-CV-05048 (D.N.J. Jan. 17, 2014), ECF No. 135. The Defendants timely appealed, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

Having considered all of the Defendants' arguments on appeal and found them unpersuasive, we conclude that on the basis of and for the reasons stated in the district court's thorough opinion none of the asserted claims of the '984 patent was shown to be invalid for obviousness. We therefore *affirm* the judgment of the district court.

**AFFIRMED**